# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )  | CASE NO.  16-CR-112 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| LISA M. ELIAS, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Lisa M. Elias's Motion to Reduce sentence,[1] **Doc #: 200**. For the following reasons, Elias's Motion is **DENIED**.

## I.      Background

Elias is serving a 108-month sentence for conspiracy to possess with intent to distribute and distribution of crystal methamphetamine and possession with intent to distribute and distribution of heroin. Doc #: 128. She is currently being held at Federal Prison Camp Alderson ("FPC Alderson") and has an expected release date of November 8, 2024.

On May 7, 2020, Elias requested that the BOP file a motion for compassionate release on her behalf. Doc #: 200 at 2. The warden denied Elias's request. Doc #: 200 at 2. Now Elias asks that this Court grant her compassionate release due to her susceptibility to COVID-19 in prison. Doc #: 200 at 8.

---

[1] Elias originally filed a pro se Motion to Reduce Sentence, Doc #: 196. The Court then appointed a Public Defender. Non-document Order dated 5/4/2020. The Public defender filed a supplement, Doc #: 200.

### II. Discussion

#### a. Exhaustion

A court may consider a motion for sentence modification upon:

> [M]otion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

Elias made her request to her warden on May 7, 2020. Doc #: 21-1. Because more than 30 days have passed, Elias has satisfied the exhaustion requirement. *See United States v. Hardin*, No. 19-cr-240, Doc. #: 25 at 3-4 (N.D. Ohio May 22, 2020).

#### b. Sentence Modification

Under § 3582(c)(1)(A)(i), before granting a sentence modification a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the § 3553(a) factors. *See id.* at 4.

##### 1. Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. This Court looks only to the fourth circumstance, labeled "other reasons," to assess motions by inmates seeking sentence modification due to COVID-19. *Hardin*, No. 19-cr-240, Doc. #: 25 at 5–6.2 To determine whether "other reasons" warrant modification, the Court considers whether: (1) the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak. *See id.*, No. 19-cr-240, Doc. #: 24 at 6–7.

Elias meets neither requirement. She asserts that she has hypertension and, as a result of previous injuries, is generally sedentary.  Doc #: 200 at 8, 10. But the Centers for Disease Control and Prevention ("CDC") does not suggest that hypertension or being sedentary render a person at higher risk of COVID-19 complications.[2] And an article in the May 2020 issue of American Journal of Hypertension concluded that "there is as yet no evidence that hypertension is related to outcomes of COVID-19."[3] Moreover, there are no reported COVID-19 cases at FCP Alderson.[4]

Because Elias has not shown that she is at high risk of having complications from COVID-19 and that she is in a prison experiencing a severe COVID-19 outbreak, she has not shown that extraordinary and compelling reasons warrant a sentence modification.

## 2. Danger to the Safety of any Other Person or the Community & Section 3553(a) Factors

Because Elias does not show that extraordinary and compelling reasons warrant a sentence modification, the Court does not decide whether she is a danger to the safety of any other person or the community or whether the § 3553(a) factors favor release.

### III.   Conclusion

For the foregoing reasons, Elias's Motion**, Doc #: 200**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster June 9, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**

---

[2] *People Who Are at higher Risk for Severe Illness*, CORONAVIRUS DISEASE 2019 (COVID-19), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 8, 2020).

[3] Ernesto L. Schiffrin et al, Hypertension and COVID-19, AMERICAN JOURNAL OF HYPERTENSION, (May 2020), https://doi.org/10.1093/ajh/hpaa057.

[4] *Covid-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited June 8, 2020).